# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Respondent, | ) ) ) |
| v. | ) Case No. CR-13-45-R ) |
| LEONARDO LAMAR PARKS, | ) ) |
| Defendant-Movant. | ) |

## ORDER

This matter comes before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. No. 44. The United States responded in opposition to the motion. Doc. No. 51. Having considered the parties' submissions, the Court denies the motion.

## Background

In May 2013, Defendant pled guilty to robbing a credit union in Norman, Oklahoma in violation of 18 U.S.C. § 2113(a). Doc. No. 15; Doc. No. 10, at 1. The final presentence report notes a base offense level of 20, pursuant to U.S.S.G. § 2B3.1. Doc. No. 22, at 8. There were three 2-level upward adjustments, increasing the offense level to 26. *Id.* There was a 2-level downward adjustment for accepting responsibility, and a 1-level downward adjustment for timely notifying authorities of his intent to enter a guilty plea, decreasing the total offense level to 23. *Id.* Based on this total offense level and a criminal history score of 16, the guideline imprisonment range was 92 to 115 months. *Id.* at 18, 29. On August 21, 2013, the Court sentenced Defendant to 115 months

imprisonment and 3 years of supervised release. Doc. No. 29, at 2-3. In his motion, Defendant asserts several ways in which he received ineffective assistance of counsel.[1]

**Standard of Review**

An ineffective assistance of counsel claim requires a showing that (1) counsel's representation "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To demonstrate prejudice, Defendant must "'show a reasonable probability that the end result of the criminal process would have been more favorable' to [him] in the absence of counsel's deficiencies." *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (quoting *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012)). "There is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

The Court construes Defendant's filings liberally because he is a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the [Defendant] could

---

[1] Defendant also argues that he was not provided sufficient access to a law library or "adequate assistance from a person trained in the law" while he awaited sentencing from February 14, 2013 to September 6, 2014. Doc. No. 44, at 20. Such a claim is properly brought as a *Bivens* action rather than as a request for relief under § 2255. *United States v. Brittain*, 41 F. App'x 246, 249 n.2 (10th Cir. 2002) (unpublished). Even if the Court were to construe this argument as a claim under *Bivens*, such an argument would fail because Defendant was represented by counsel at the time. *See Lewis v. Clark*, 577 F. App'x 786, 796-97 (10th Cir. 2014) (unpublished) ("[A]lthough the Sixth Amendment provides a right to counsel or a right to proceed pro se, it does not provide a right to assist appointed counsel with legal research."); *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library.").

prevail, it should do so despite the [Defendant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (footnote omitted). But the court will not "assume the role of advocate for the pro se litigant." *Id.*

## Analysis

### A. Total Offense Level

Defendant argues that the Court incorrectly calculated his offense level. Doc. No. 44, at 32. He contends that his total offense level should be 19, instead of 23. *Id.*, Ex. J. To get to this number, Defendant starts with a base offense level of 20, and then adds 2 points for "SOC," or "Specific Offense Characteristics," and subtracts 3 points for acceptance of responsibility. *Id.*

First, the parties agreed on a base offense level of 20. Doc. No. 44, Ex. J; Doc. No. 22, at 8. Next, the probation officer added 2 points because the offense involved the taking of property of a financial institution, namely, Communication Federal Credit Union, pursuant to U.S.S.G. § 2B3.1(b)(1). Doc. No. 22, at 4, 8; Doc. No. 15. The Court finds no error in this calculation. Next, 2 points were added because Defendant made a death threat by writing a note stating "no talking I am seriously armed 100s 50s 20s." Doc. No. 22, at 8 (citing U.S.S.G. § 2B3.1(b)(2)(F); *United States v. Yoho*, 147 F. App'x 794, 795 (10th Cir. 2005) (unpublished)). The statement "I am seriously armed" is sufficient to apply the threat-of-death enhancement contemplated by the Sentencing Guidelines. *Yoho*, 147 F. App'x at 797 (finding the statement "I have a gun" sufficient). Then 2 points were added for using or attempting to use a minor to commit the offense or

assist in avoiding detection of, or apprehension for, the offense. Doc. No. 25, at 4; Doc. No. 22, at 6, 8. The Court finds no error in this regard. Finally, the parties agreed on a 3-point reduction for acceptance of responsibility. Doc. No. 44, Ex. J; Doc. No. 22, at 8. Because the probation officer correctly added 6 points to Defendant's base offense level, *Strickland*'s deficient performance prong has not been met with this argument.

**B. Prior Convictions Used to Enhance Sentence**

Defendant next argues that his attorney "failed to investigate, or research that prior Convictions—used to enhance instant case were void or voidable on face … were outside of 10 year - 15 year time-frame," and "certain sentences utilized in affixing criminal history points and criminal offense levels were invalid." Doc. No. 44, at 4.

**1. Invalid or Void Convictions/Sentences**

Defendant argues that three prior convictions the Court relied on in calculating his criminal history score are void or voidable because the sentences imposed for those convictions are inconsistent with Oklahoma state law. He cites *Bumpus v. State*, 925 P.2d 1208 (Okla. Crim. App. 1996) for the proposition that these convictions[2] are invalid because he received suspended sentences when he was not eligible for suspension.

In *Bumpus*, the Court of Criminal Appeals of Oklahoma relied on the holding in *Davis v. State*, 845 P.2d 194 (Okla. Crim. App. 1993), in which that court stated, "a judge of the District Court is without authority to suspend a sentence in whole or part if a defendant has previously been convicted of two or more felonies." *Bumpus*, 925 P.2d at

---

[2] The convictions Defendant refers to are those in Cleveland County District Court in case numbers CF-1998-412, CF-1998-453, and CF-1998-480. *See* Doc. No. 50, at 2; Doc. No. 22, at 14-15.

4

1209 (quoting *Davis*, 845 P.2d at 197). But the issue in both *Davis* and *Bumpus* "address[ed] the sentencing powers of the trial court and not the validity of the judgment." *Davis*, 845 P.2d at 197; *see also Bumpus*, 925 P.2d at 1213 ("The sentencing powers of the court are set out by the statute."). Although the District Court may have lacked statutory authority to enter the particular sentence for some of Defendant's prior convictions, rendering that portion of the judgment that suspended a part of the sentence void or voidable, the judgments themselves remain valid. *Davis*, 845 P.2d at 197. Additionally, under Oklahoma law, Defendant must make this challenge while he is serving the void or voidable sentence. *McCormack v. Jones*, 248 F. App'x 29, 33 (10th Cir. 2007) (unpublished) (citing *King v. State*, 29 P.3d 1089, 1090-91 (Okla. Crim. App. 2001).[3] All of the suspended sentences for which Defendant received points in this case were discharged prior to his indictment in this case.[4] Thus, his counsel was "not ineffective for failing to raise this meritless issue." *Id.*

**2.** Prior Conviction Time Limit

Defendant further contends that some of the prior convictions considered by the Court were outside of the ten or fifteen-year time limit imposed by statute. The Sentencing Guidelines provide for a fifteen-year limit on prior convictions resulting in a sentence of more than one year and one month, and a ten-year limit for all other

---

[3] The District Court of Cleveland County also denied Defendant's Motion to Vacate and Set Aside three of the convictions considered by the Court in this case because all sentences were discharged. Doc. No. 44, Ex. H.
[4] Doc. No. 22, at 13-15 (Case No. CF-1997-1655: Sentence discharged 04/07/2011; Case No. CF-1998-412: Sentence discharged 05/12/2006; Case No. CF-1998-453: Sentence discharged 07/17/2001).

sentences. U.S.S.G. § 4A1.2(e)(1)-(2). Any sentence that does not fall within the above time periods may not be considered. § 4A1.2(e)(3).

Because Defendant was prejudiced only by the prior convictions that resulted in points being added to his criminal history score, the Court will consider only those convictions. In this case, Defendant pled guilty to robbing a credit union on or about February 1, 2013. Doc. No. 15; Doc. No. 10, at 1. Any sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of February 1, 2013 may be counted toward his criminal history score. *See* § 4A1.2(e)(1). His total criminal history score was 16. Doc. No. 22, at 18. Four of the convictions for which Defendant received 12 points had sentences that exceeded one year and one month and were imposed after February 1, 1998, within fifteen years of Defendant's robbery of the credit union on February 1, 2013.[5] The remaining three convictions for which Defendant received 4 points had sentences that were imposed after February 1, 2003, within ten years of Defendant's February 1, 2013 credit union robbery.[6] Because the presentence report properly adds points to his criminal history score for only those convictions that fall within the ten or fifteen-year time limit provided for by the Sentencing Guidelines, Defendant has failed to satisfy the deficient performance prong of *Strickland* with this argument.

---

[5] *See* Doc. No. 22, at 13-16 (Case No. CF-1997-1655: Initially sentenced to ten years custody with eight years suspended in 1999, and after suspended sentence was revoked, resentenced to four years custody in 2010; Case No. CF-1998-412: Initially sentenced to eight years custody with four years suspended on each count on 05/13/1998, and resentenced in 2005 to seven years custody with three years suspended on each count; Case No. CF-1998-453: Sentenced to eight years custody with four years suspended on Count 1 and five years custody with four years suspended on Count 2 on 05/13/1998; Case No. CF-2003-2689: Sentenced to seven years custody in 2004).
[6] *See id.* at 17-18 (Case No. 0901908: Sentence imposed on 10/10/2003; Case No. 001-83547-08: Sentence imposed in 2008; Case No. 115290991: Sentence imposed in 2012).

### 3. One Versus Multiple Arrests

Defendant also argues that three convictions included on the final presentence report resulted from the same arrest, and thus should not have been counted separately for purposes of his criminal history score. He is referring to three convictions for which sentences were imposed on May 13, 1998. Section § 4A1.1(a) of the Sentencing Guidelines directs the sentencing court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." § 4A1.2(a)(2). Absent an intervening arrest, the sentences are considered separately, unless "the sentences resulted from offenses contained in the same charging instrument," or, as was the case here, "the sentences were imposed on the same day." *Id.*

In two of the three cases to which Defendant refers, Defendant pled guilty to two counts of uttering a forged instrument. Doc. No. 22, at 14-15 (Case Nos. CF-1998-412, CF-1998-480). Defendant received 3 points for only one of those cases. *Id.* In the final case for which Defendant received 3 points, he pled guilty to unlawful possession of a controlled dangerous substance, knowingly concealing stolen property, resisting an officer, and driving a vehicle while under suspension. *Id.* at 14 (Case. No. CF-1998-453). Although Defendant contends that these three sentences all arose from the same arrest, Doc. No. 50, at 2, the final presentence report provides for three separate arrest dates: March 5, March 16, and March 20. Doc. No. 22, at 14-15. Defendant provides no

evidence that suggests otherwise.[7] Even if he is correct and the three sentences all arose from the same arrest, any error in providing 6 points total for all three sentences would be harmless. Counting them as a single sentence would decrease Defendant's criminal history score from 16 to 13. But even with this lower score, he would still fall into the same criminal history category of VI, which imposes the same sentencing range of 92-115 months for those with an offense level of 23 and 13 or more criminal history points. United States Sentencing Commission Guidelines Manual, 5A Intro, Sentencing Table (11/1/13). Thus, Defendant is unable to satisfy both the deficient performance prong and the prejudice prong of *Strickland* with this argument.

### A. Mental and Physical Health

Defendant next argues that his counsel failed to emphasize the severity of his mental and physical health problems. Information related to Defendant's physical condition and mental and emotional health, as well as his history of substance abuse, was included in the final presentence report. Doc. No. 22, at 22-25. In the Motion for Downward Departure, Defendant's counsel directed the Court to the presentence report's summary on his physical condition, noting that he has "serious medical issues" that are "chronic and life threatening," and that "his life expectancy has been shortened due to his illness." Doc. No. 24, at 5. Counsel also raised these factors in the Sentencing Memorandum and Motion for Variance, stating that Defendant "has been a drug addict for many years and although attempting some, has never completed a drug treatment

---

[7] The Court gave Defendant an opportunity to supplement his supporting brief, but he has not done so. *See* Order, Doc. No. 52.

program." Doc. No. 25, at 5. Defendant's counsel further stated that "[w]ithout proper medication and care his health is precarious and he could be severely ill requiring hospitalization," and "[b]ecause of his physical stature, physique and appearance, he has fallen victim to violence and abuse within the correctional system during previous terms of incarceration." *Id.* at 5-6. Defendant does not include in his § 2255 motion any additional details that his counsel failed to mention regarding his mental and physical health that would have resulted in a shorter term of incarceration. Thus, Defendant has failed to satisfy *Strickland*'s deficiency prong for this contention.

**B. Pressure to Enter Guilty Plea and Misrepresentation of Possible Sentence**

Defendant next argues that his counsel "persuade[d] and convince[]d [him] to forego unalienable rights and due-process guaranteed," and that he "failed to inform the Court that he alone persuaded his client convincing him to enter a "Guilty Plea,"[8] and that he made a chart for Defendant, which noted "that the Defendant would receive between 37 (low-end) to 57 (high-end) in total months … not the 115 months the Defendant received." Doc. No. 44, at 5. Defendant makes clear that he does not wish to withdraw his guilty plea, but seeks only to alter, set aside, or correct his sentence. Doc. No. 50, at 3 ("The Appellant in no form, nor fashion effects to withdraw his plea."). Given this fact, he has failed to demonstrate how his counsel's alleged coercion and misrepresentation prejudiced him by resulting in an increased sentence. Defendant has not shown, and the Court finds no link between the alleged coercion and misrepresentation involved in the

---

[8] In a similar contention, Defendant argues that his counsel "failed to formulate (a)ny defense, choosing instead to convince his client that pleading guilty ASAP was best." Doc. No. 44, at 8.

9

plea agreement negotiation process and the sentence imposed. Thus, even if his counsel's conduct fell below an objective standard of reasonableness, because Defendant does not seek to withdraw his guilty plea, these arguments related to the validity of his plea do not demonstrate the prejudice required by *Strickland*.

### C. Failure to Obtain § 5K1.1 Downward Departure

Next, Defendant contends that his counsel "failed to negotiate and garner—a 5K1.1 deal w/the prosecution although the Defendant cooperated, signed affidavits and made known information regarding the 'Car-Driver' that had not been known before." Doc. No. 44, at 7. Section 5K1.1 of the Sentencing Guidelines provides for a "downward sentencing departure for substantial assistance to the government," which may be granted "upon motion by the government." *United States v. Maldonado-Acosta*, 210 F.3d 1182, 1183 (10th Cir. 2000). "[T]he government's motion for a departure for substantial assistance 'is an unequivocal condition precedent; the [sentencing] court may not act sua sponte in such matters.'" *Id.* (quoting *United States v. Vargas*, 925 F.2d 1260, 1267 (10th Cir. 1991)).

Here, the government simply decided not to make a motion for a downward departure pursuant to § 5K1.1 because it chose not to prosecute the minor who was driving the car. Doc. No. 51, Attach. A, at 5; Doc. No. 44, at 17, Ex. G. Counsel further attests that he explained this to Defendant. *Id.* Finally, Defendant was informed in the Plea Agreement that it was within the government's "sole discretion" to determine whether such a motion is appropriate. Doc. No. 18, at 10. Because "the government has almost boundless discretion in deciding whether to move for such a departure," counsel's

failure to obtain such a motion from the government does not constitute deficient performance. *United States v. Abston*, 401 F. App'x 357, 363 (10th Cir. 2010) (unpublished).

**D. Counsel's Failure to Excuse Himself After Tenth Circuit Reversal**

On August 20, 2013, one day before Defendant was sentenced, the Tenth Circuit reversed another defendant's convictions in *United States v. McKye*, 734 F.3d 1104, 1005 (10th Cir. 2013). Defendant's counsel represented the defendant in *McKye*. Doc. No. 51, Attach. A, at 6. Defendant argues that because the undersigned presided over the *McKye* trial, the undersigned was "disgruntled" at the sentencing hearing because of the Tenth Circuit reversal, which resulted in Defendant receiving a "revengeful and unfair sentence." Doc. No. 44, at 7, 28-29. In support of this claim, Defendant merely states that his counsel told him, "'the Judge will probably not be in a good mood' this morning." *Id.* at 29. Without any evidence indicating that the *McKye* decision actually influenced the undersigned at Defendant's sentencing, he has failed to satisfy either prong of *Strickland* with this argument.

**E. Lack of Jurisdiction**

In this case, Defendant pled guilty to robbing Communication Federal Credit Union in Norman, Oklahoma, which is located within the Western District of Oklahoma, in violation of 18 U.S.C. § 2113(a). Doc. Nos. 10, 15, 18. Despite these facts, Defendant argues that his counsel failed to assert the Court's lack of jurisdiction over him. Doc. No. 44, at 8. He cites no authority in support of this argument and has not shown how this argument is relevant to his motion to vacate, set aside, or alter his sentence, given that he

does not seek to withdraw his guilty plea. Doc. No. 50, at 3. Defendant has not satisfied the *Strickland* test for this contention.

   F.  **Better Deal**

Defendant further argues that his counsel "failed to seek a(ny) better deal, less in time for his client." Doc. No. 44, at 8. First, counsel did seek a lower sentence for Defendant by filing a Motion for Downward Departure and advocating for a sentence of 30 to 40 months. Doc. No. 24, at 1. Second, Defendant "alleges no facts that would suggest that his attorney could have successfully negotiated a [more favorable] plea agreement." *Moya*, 676 F.3d at 1214. Because the prejudice prong requires Defendant to show a reasonable probability that he would have received a more favorable plea agreement, and thus a shorter term of imprisonment if his counsel had sought a better deal, he has failed to satisfy the prejudice prong of *Strickland* with this argument.

   G.  **Additional Contentions**

Defendant also argues that his counsel's "failure to mention prior relevant conduct of his client demonstrated lack of concern or [an] ability [to] mount a sound defense." Doc. No. 44, at 4. Because Defendant does not state what "relevant conduct" his counsel failed to mention, he has not shown that his counsel's conduct fell below an objective standard of reasonableness. Similarly, he contends that "counsel was ineffective," he "failed to assert claims, seek out and research or investigate defense or strategies," that his "involvement was insufficient and subpar," he "failed to advocate for a fair minded agreement," and, as a result, Defendant's Fourth, Fifth, Sixth, Seventh, and Eighth Amendment rights were violated. *Id.* at 16. Without additional details as to how his

counsel was ineffective, such contentions do not satisfy Defendant's burden of proof to overcome the strong presumption that his counsel provided effective assistance. Defendant further argues that his counsel "failed to attempt to have certain damning information in his clients' PSR removed." Doc. No. 44, at 8. Defendant has again failed to satisfy his burden of proof to overcome the presumption in favor of effective assistance by not specifying what information his counsel should have moved to be stricken, and how that motion would have resulted in a lower sentence.

## **Conclusion**

Defendant has not shown that his counsel's conduct fell below an objective standard of reasonableness and that he suffered prejudiced in his sentencing as a result. Consequently, in accordance with the foregoing, Defendant's motion under § 2255 [Doc. No. 44] is DENIED.

IT IS SO ORDERED this 9th day of February, 2015.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**